## RICHARD BIRKES v. STATE.

No. A-4990.   Opinion Filed July 7, 1924.
Rehearing Denied Aug. 11, 1924.

(227 Pac. 895.)

(Syllabus.)

1.  **Homicide—Evidence of Theft of Automobile Used by Defendants.** Evidence of the theft of an automobile used by the defendants in conveying themselves to the bank where the homicide occurred, and later used in their attempt to escape from the scene of the crime, was admissible, notwithstanding the fact that such evidence showed that another crime had been committed by the defendants.

2.  **Trial—Instruction as to Burden of Proof and Reasonable Doubt Held Cured.** The instructions as a whole held fair to the defendant; any vice that may have existed in instruction 10a relating to the burden of proof and reasonable doubt was cured by the other instructions given.

Appeal from District Court, Craig County; A. C. Brewster, Judge.

Richard Birkes was convicted of murder, and he appeals. Affirmed.

E. M. Probasco and Jess L. Ballard, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J.   Richard Birkes, Allison Ivey, and Raymond Thomas were, by information filed in the district court of Craig county September 15, 1923, jointly charged with having murdered Frank Pitts, cashier of a bank at Ketchum, Okla., on August 9, 1923. Thomas took a severance, and Birkes and Ivey were tried jointly, resulting in a verdict of guilty, with the punishment of Birkes fixed at death and of Ivey at imprisonment in the penitentiary for the term of his natural life. From the judgment rendered on the separate verdict against him Birkes alone appeals.

These three defendants on the day of the crime came to the bank in a stolen automobile, and by force of arms attempted to rob the bank. Birkes and Ivey entered the bank, and Thomas remained outside in the automobile. Birkes, with a loaded pistol pointed at the bank cashier, Mr. Pitts, commanded him to hold up his hands. This the cashier either failed or refused to do, or else did not comply promptly with the demand. Birkes thereupon fired his pistol, mortally wounding the cashier, who died within a few minutes. Two more shots were fired, and the bandits then fled in the waiting automobile driven by Thomas. The participants in the crime were soon afterwards captured and placed in jail.

This was a case of vicious, unprovoked murder, without extenuating circumstances. There was no doubt about the identity of each of the three persons named and their participation in the crime. Neither Birkes nor Ivey offered any evidence in his own behalf at the trial, and under the circumstances it would seem that there was none that could be offered. From these circumstances and others appearing in the record we assume that the appeal by Birkes to this court is taken in the hope that the court will modify the death sentence as to him to life imprisonment or remand the cause for a new trial, and that another jury might assess the lighter punishment.

The defendant complains that the court erred in permitting proof of the stealing of the automobile just prior to the attempted robbery and the homicide. The proof shows that this automobile was taken by force from two young men a short time before the attempted robbery of the bank; that the bandits used this car to convey themselves to the bank, and afterwards used it again in their attempt to get away from the scene of the crime. The evidence was admissible as explanatory of the commission of the crime charged, notwith-

standing the fact that the proof showed that another crime had been committed by the defendants. Vickers v. U. S., 1 Okla. Cr. 452, 98 Pac. 467; Littrell v. State, 21 Okla. Cr. 466, 208 Pac. 1048.

The defendant complains of several of the instructions to the jury, particularly of instruction numbered 10a, which is as follows:

"You are instructed that upon a trial for murder, where the commission of the homicide by the defendants is proven beyond a reasonable doubt, the burden of proving circumstances of mitigation or that justify the homicide devolves upon the defendants, unless the proof upon the part of the prosecution amounts only to manslaughter, or that the defendants were justifiable; but where such burden of proving circumstances that mitigate or justify a homicide devolves upon the defendants, under this instruction, you are instructed that the amount of evidence necessary for that purpose is fixed by law as being such as is sufficient to create in your minds a reasonable doubt upon that issue, and if the evidence offered by the defendants, where it is the duty of the defendants to do so under this instruction, is strong enough to create in your minds a reasonable doubt as to their guilt of the crime charged in the information, then it would be your duty to acquit them."

At the trial no exception was taken to the giving of this instruction; it was urged as error for the first time in defendant's motion for a new trial.

Section 2719, Comp. Stat. 1921, reads as follows:

"Upon a trial for murder, the commission of the homicide by the defendant being proven, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable."

It will be seen that the court in this instruction adopted the language of the statute, following it by a qualifying clause, "that the amount of evidence for that purpose (evidence showing justification or mitigation) is fixed by law as being such as is sufficient to create in your minds a reasonable doubt upon that issue, and, if the evidence offered by the defendants, where it is the duty of the defendants to do so * * * is strong enough to create a reasonable doubt, * * * it will be your duty to acquit them."

This instruction might have been improved by using for the words in italics (under scored) the words "upon all the issues involved." However, jurors are not inclined to indulge in fine distinctions of syntax, and this instruction relating to the burden of proof and reasonable doubt must be considered and construed in connection with all the other instructions given. The court in other instructions told the jurors that the presumption of innocence of the defendant existed throughout the trial until every material allegation of the information was proved beyond a reasonable doubt; that the death of the person alleged to have been killed and the fact that the accused did the killing must be established beyond a reasonable doubt; that a felonious motive or design to effect death is inferred from the fact of the killing, unless the circumstances are such as to raise a reasonable doubt as to whether such design existed. Over and over again the jury were admonished that the state must prove the various issues beyond a reasonable doubt. We therefore hold that under the circumstances here the vice pointed out in instruction No. 10a was cured and rendered harmless by the other instructions given.

For a more exhaustive treatment of the subject of correct instructions on proof of mitigating circumstances or circumstances indicative of justification in a homicide case see

the case of Dorris v. State, 27 Okla. Cr. 208, 226 Pac. 590. We here reiterate the rule and the reasoning supporting the rule stated in the Dorris Case, which should be read and analyzed to fully comprehend the rule established by this and other courts.

The instructions of the court to the jury as a whole were fair to the defendant, and the record otherwise shows that the defendant had a fair trial. Other alleged errors urged by the defendant have been carefully examined and found to be without merit.

The day set by the trial court for the execution of the death sentence having passed, owing to the pendency of this appeal, it is considered, ordered, and adjudged by this court that the judgment and sentence of the district court of Craig county be carried into execution on Friday, the 5th day of September, 1924. The warden of the penitentiary at McAlester is ordered and directed to cause the sentence to be executed according to law.

MATSON, P. J., and DOYLE, J., concur.